UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

MILTON WOLSON, :

              Plaintiff, :

    - against - :

REED ELSEVIER INC., :

             Defendant. :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/10

**MEMORANDUM DECISION**

09 Civ. 4040 (DC)

**APPEARANCES:**     MILTON WOLSON, ESQ.
                      Plaintiff Pro Se
                      11 East 87th Street
                      New York, New York 10128

                      DAVIS & GILBERT LLP
                      Attorneys for Defendant
                        By: Richard S. Eisert, Esq.
                           Sean P. Cameron, Esq.
                      1740 Broadway
                      New York, New York 10019

**CHIN, District Judge**

       In this action, plaintiff pro se Milton Wolson alleges that defendant Reed Elsevier Inc. ("Reed") infringed Wolson's copyright by causing his written work to be displayed electronically without permission. Reed moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss on the ground that Wolson's claim has already been settled by a pre-existing class action suit, In re Literary Works in Electronic Databases Copyright Litigation, MDL No. 1379 (GBD) (S.D.N.Y.) ("Literary Works"). For the reasons set forth below, the motion to dismiss is denied.

**BACKGROUND**

For purposes of this motion to dismiss, the Court assumes the allegations of the complaint are true.

Wolson is the freelance author of a non-fiction article entitled, "The Enhanced Benefits of Federal Trademark Protection." (Am. Comp. ¶ 8). Wolson registered a copyright for the work on November 2, 2001. (Id. at ¶ 9). Wolson published his article in the June 2002 print edition of Gifts and Decorative magazine, a publication owned by Reed. (Id. at ¶¶ 14-15). Wolson did not grant Reed the right to distribute or reproduce his article in electronic form. (Id. at ¶¶ 16-17). Nonetheless, Reed reproduced the article on the Gifts and Decorative website and licensed the article to Alacra Stores, High Beam Research, and mywire, all of which reproduced Wolson's article in electronic form without Wolson's permission. (Id. at ¶¶ 18-30). The complaint does not state when these infringements first occurred, but it does allege that the infringements continued until at least June 2008. (Id. at ¶¶ 22-30, 35, 37).[1]

**DISCUSSION**

On a motion to dismiss, the court must determine whether the allegations of the complaint, on their face, "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). A court's "consideration is

---

[1] In a declaration attached to his memorandum of law, Wolson provides evidence that Alacra Stores was not launched until August 2005. (Wolson Decl., Ex. C).

limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." McKenzie v. Gibson, No. 07-6714 (WHP), 2008 WL 3914837 at *4-5 (S.D.N.Y. Aug. 25, 2008). "A court may take judicial notice of a document filed in another court . . . ." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998).

Here, I take judicial notice of documents filed in Literary Works, including the settlement agreement. Literary Works is a multi-district class action litigation that was filed in 2000. The litigation is based on the alleged unauthorized electronic reproduction of written works produced by freelance authors and originally published in print form. Reed is a defendant in Literary Works. On March 21, 2005, the parties to the litigation entered a settlement agreement, and on September 27, 2005, Judge Daniels approved the settlement. Subsequently, the Second Circuit reversed on the grounds that the federal courts had no jurisdiction over the claims of any of the class members who had not registered copyrights for their work. The Supreme Court heard argument on that question in October 2009, and decision is pending.

"Class actions serve an important function in our judicial system . . . [b]y establishing a technique whereby the claims of many individuals can be resolved at the same time[,] . . . eliminat[ing] the possibility of repetitious litigation and

provid[ing] small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation." Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 560 (2d Cir. 1968). Assuming adequate notice to the class, a class action settlement binds all class members who have not opted-out of the litigation. Fed. R. Civ. P. 23(e). For this reason, the Federal Rules mandate a rigorous process for court approval of a class settlement to ensure that it is "fair, reasonable, and adequate." Id.

Wolson appears to be a member of the class in Literary Works. He did not opt out of the class.[2] (Def. Mem. at 1; Pl. Opp. at 8). If Wolson's instant claim is entirely duplicative of a claim that was already settled by Literary Works, I must dismiss the action. Reed argues that this is the case because the Literary Works settlement "encompasses future-oriented activity" as well as "past infringements." (Def. Rep. Mem. at 5). Wolson, on the other hand, argues that the events alleged in his complaint arose too late to be covered by the Literary Works settlement. Though I do not rely on Wolson's reasoning, I conclude that the explicit language of the Literary Works settlement may support his position.

Contrary to Reed's contention, the Literary Works settlement agreement states that "no claims shall be released

---

[2] In his memorandum of law, Wolson challenges the adequacy of the notice provided to class members in Literary Works. That question is not before this Court.

with respect to works that have not, on or prior to the date of
this Agreement, been reproduced, distributed, displayed or
transmitted by any Defense Group member." See Settlement
Agreement, Literary Works ¶ 1(n) (Mar. 21, 2005). The Agreement
is dated March 21, 2005. This creates a question of fact: when
(if ever) did Reed reproduce, distribute, display, or transmit
Wolson's copyrighted work? The complaint does not allege when
the infringing activity began, but it does allege that it
continued until at least June 2008.

"[T]he true test of the sufficiency of a plea of 'other
suit pending' . . . [i]s the legal efficacy of the first suit,
when finally disposed of, as 'the thing adjudged,' regarding the
matters at issue in the second suit." Curtis v. Citibank, N.A.,
226 F.3d 133, 138 (2d Cir. 2000) (citing U.S. v. The Haytian
Republic, 154 U.S. 118, 124 (1894)). Assuming that Wolson can
establish that Reed electronically distributed his copyrighted
work after March 21, 2005, the Literary Works litigation
(whenever it is "finally disposed of") would not apply to Wolson.
At this stage in the case, it is "plausible" that Wolson could
establish such a set of facts, especially given Wolson's
affidavit regarding the August 2005 launch date of Alacra Stores.
This litigation may ultimately reveal that some of Wolson's
claims are barred by the class settlement, and that others are
not. In any event, this determination will depend on further

proceedings in this case. Accordingly, Reed's motion to dismiss is denied. Defendants shall answer the complaint by February 19, 2010. The parties shall appear for a pretrial conference on March 5, 2010 at 10:30 a.m.

    SO ORDERED.

Dated:    New York, New York
           January 29, 2010

DENNY CHIN
United States District Judge